# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS ROMERO BURNETT,<br><br>    Plaintiff,<br><br>v.<br><br>KAMMACK, et al,<br><br>    Defendants. | Case No. 1:17-cv-01135-DAD-BAM (PC)<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION FOR FAILURE TO OBEY A COURT ORDER AND FAILURE TO PROSECUTE<br><br>(ECF No. 6)<br><br>**FOURTEEN (14) DAY DEADLINE** |

**I.    Background**

Plaintiff Carlos Romero Burnett ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action on August 23, 2017, together with a motion requesting leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. (ECF Nos. 1, 2.)

On August 29, 2017, the Court issued an order denying Plaintiff's application to proceed in forma pauperis because it was incomplete. There was no certified copy of Plaintiff's trust account statement for the past six months attached to the application as the instructions require, nor was the certificate portion of the form dated, signed, or filled-out by an authorized officer of the correctional institution. The Court ordered Plaintiff to submit a new application within forty-five days. (ECF No. 3.)

///

1

On September 21, 2017, Plaintiff submitted a renewed motion to proceed in forma pauperis. (ECF No. 5.) While the certificate portion of the form was completed, Plaintiff had not attached a certified copy of his trust account statement for the past six months. The Court denied the renewed motion on September 22, 2017 and directed Plaintiff to submit a new application or pay the filing fee within forty-five (45) days. (ECF No. 6.)

On September 28 and October 25, 2017, Plaintiff filed notices of change of address. (ECF No. 9, 10.) Pursuant to those notices, the Court directed the Clerk of the Court to re-serve the September 22, 2017 order on Plaintiff at his current address of record. (ECF No. 11.)

The deadline for Plaintiff to file his application to proceed in forma pauperis has expired, and Plaintiff has not filed a completed application, paid the filing fee, or otherwise responded to the Court's order.

**II.     Discussion**

Local Rule 110 provides that "[f]ailure . . . of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal." Thompson v. Hous. Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Malone v. U.S. Postal Serv., 833 F.2d 128, 130–33 (9th Cir. 1987) (dismissal for failure to comply with court order).

In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986); Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988).

1    Here, Plaintiff's application to proceed in forma pauperis is overdue. Despite multiple
2    attempts to communicate with Plaintiff, he has failed to comply with the Court's order. The
3    Court cannot effectively manage its docket if Plaintiff ceases litigating his case. Indeed, a civil
4    action may not proceed absent the submission of either the filing fee or a completed application to
5    proceed in forma pauperis. 28 U.S.C. §§ 1914, 1915. Thus, the Court finds that both the first and
6    second factors weigh in favor of dismissal.

7    The third factor, risk of prejudice to defendant, also weighs in favor of dismissal, since a
8    presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action.
9    Anderson v. Air W., 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor usually weighs against
10   dismissal because public policy favors disposition on the merits. Pagtalunan v. Galaza, 291 F.3d
11   639, 643 (9th Cir. 2002). However, "this factor lends little support to a party whose
12   responsibility it is to move a case toward disposition on the merits but whose conduct impedes
13   progress in that direction," which is the case here. In re Phenylpropanolamine (PPA) Products
14   Liability Litigation, 460 F.3d 1217, 1228 (9th Cir. 2006) (citation omitted).

15   Finally, the court's warning to a party that failure to obey the court's order will result in
16   dismissal satisfies the "considerations of the alternatives" requirement. Ferdik, 963 F.2d at 1262;
17   Malone, 833 at 132–33; Henderson, 779 F.2d at 1424. The Court's September 22, 2017 order
18   directing Plaintiff to submit a completed application to proceed in forma pauperis or pay the filing
19   fee expressly warned Plaintiff that his failure to comply with the Court's order would result in
20   dismissal of this action, without prejudice. (ECF No. 6 at 2.) Thus, Plaintiff had adequate
21   warning that dismissal could result from his noncompliance.

22   Additionally, at this stage in the proceedings there is little available to the Court that
23   would constitute a satisfactory lesser sanction while protecting the Court from further
24   unnecessary expenditure of its scarce resources. Plaintiff is proceeding in forma pauperis in this
25   action, making monetary sanctions of little use, and the preclusion of evidence or witnesses is
26   likely to have no effect given that Plaintiff has ceased litigating his case.

27   ///
28   ///

### III. Conclusion and Order

Accordingly, it is HEREBY RECOMMENDED that this action be dismissed, without prejudice, for Plaintiff's failure to obey the Court's order and failure to prosecute this action.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **November 27, 2017**          /s/ Barbara A. McAuliffe
                                                        UNITED STATES MAGISTRATE JUDGE